UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JERMAINE WILLIAMS                                                                              PLAINTIFF
ADC #175623

V.                          No. 3:22-CV-00029-BSM-JTR

DANIEL DILLARD, Sergeant,
Grimes Unit, ADC, *et al*.                                                                    DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

On February 8, 2022, Plaintiff Jermaine Williams ("Williams"), a prisoner in the Grimes Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *Doc. 1*.

After screening his claims,[1] I issued a Recommended Disposition ("Recommendation"), on March 31, 2022, suggesting that Williams's Complaint be dismissed, without prejudice, for failure to state a claim. *Doc. 5*.

On April 11, 2022, Williams filed a Motion to Amend, along with a Proposed Amended Complaint. *Docs. 6 & 6-1*. He then filed a Motion for a Temporary Restraining Order and a Preliminary Injunction, along with a Brief in Support. *Docs. 7-8*.

On November 2, 2022, Judge Miller entered an Order declining to adopt my Recommended Disposition, granting Williams's Motion to Amend, and referring the case back to me for consideration of the Amended Complaint. *Doc. 12*.

The Count must now screen Williams's amended claims, and then address his Motion for a Temporary Restraining Order and a Preliminary Injunction. *Doc. 7*.

## II.  Discussion

**A. Williams's Pleadings Fail to State a Claim for Relief Under § 1983**

Williams alleges that, on October 19, 2020, he "slipped and fell in #5 Barracks," because another inmate "was mopping the floor without a wet floor sign."

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

*Doc. 1 at 4*; *Doc. 13 at 1*. After his fall, Williams was taken to the infirmary, where he was "seen by the nurse and doctor [but] was prescribed only Ibuprofen." *Doc. 13 at 2*. Williams alleges that he told the medical providers that the Ibuprofen was not working and "asked repeatedly to get a [CAT] scan on [his] back, head, and right wrist," but they "refused to prescribe other medication or obtain an outside specialist." *Id*.

### 1. Williams's Slip and Fall Claims Against Dillard and Musselwhite

Williams alleges that Defendants Sergeant Daniel Dillard ("Dillard") and Warden Musselwhite "failed to protect [him] from the slip and fall." According to Williams, "Dillard was supposed to make sure that inmates use the wet floor sign when mopping." He alleges Musselwhite was also negligent because he failed to make sure Dillard was "doing [his] job properly." *Doc. 13 at 1-2, 5*.

To be actionable, a § 1983 claim must allege a violation of the U.S. Constitution or a federal statute. *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012). Here, Williams's allegations state only negligence claims against Dillard and Musselwhite. *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim).

Accordingly, Williams's claim against Dillard and Musselwhite should be dismissed, without prejudice. *Davis v. Dorsey*, 167 F.3d 411, 412 (8th Cir. 1999)

(affirming dismissal of inmates slip and fall claim, which amounted to no more than negligence); *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (holding that "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law," and "the existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards"); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, '[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment.... Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.'") (citation omitted); *Jorsch v. Faulkner Cnty. Det. Ctr.*, Case No. 4:21-CV-00065-BRW-JJV, 2021 WL 537251, at *2 (E.D. Ark. Feb. 1, 2021), report and recommendation adopted, Case No. 4:21-CV-00065-BRW-JJV, 2021 WL 537235 (E.D. Ark. Feb. 12, 2021) (dismissing claim that plaintiff "slipped and fell because there were no wet floor signs," for failure to state a plausible § 1983 claim, because it alleged, "at most, … a state law cause of action for negligence").

### 2. Williams's Inadequate Medical Care Claims Against Doe Medical Defendants

Williams asserts that, after he fell on the wet floor and was taken to the infirmary, an unidentified doctor and an unidentified nurse (collectively "Doe Medical Defendants") failed to provide him constitutionally adequate medical care because they: (1) refused his requests for medication other than Ibuprofen; (2)

4

rejected his request for a CAT scan; and (3) did not send him to an "outside specialist." *Doc. 13 at 2*.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To plead a viable inadequate medical care claim against the Doe Medical Defendants, Williams must allege facts establishing that: (1) he had "objectively serious medical needs"; and (2) subjectively, the Doe Medical Defendants "actually knew of but deliberately disregarded those needs." *Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019).

Williams has provided *no facts* suggesting that his injuries were objectively serious, or that the medical care he received for his injuries was inadequate.[2] While Williams clearly disagreed with the treatment decisions of the Doe Medical Defendants, prisoners "have no right to receive a particular or requested course of treatment," and prison medical personnel "remain free to exercise their independent medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). It is well-

---

[2] In his Amended Complaint, Williams makes only the following vague and conclusory allegations to support his inadequate medical care claims against the Doe Medical Defendants:
> [Williams] was seen by the nurse and doctor and was prescribed only Ibuprofen 600 mg. [Williams] asked repeatedly to get a [CAT] scan on [his] back, head, and right wrist and medical refused even after telling them that Ibuprofen [was] causing [him] more pain, especially after being on Ibuprofen for a while. The nurse and doctor refused to prescribe other medication or obtain an outside specialist in regards of [Williams's] back, head, and right wrist.

*Doc. 13 at 2*.

settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).

At most, Williams's vague and conclusory allegations establish only a difference of opinion over matters of medical judgment and the course of his treatment. Because those allegations fall far short of establishing the facts necessary to state an action under §1983, Williams's inadequate medical care claims against the Doe Medical Defendants should also be dismissed, without prejudice.

### 3. Williams's Supervisory Responsibility Claims Against Straughn

Williams asserts that the ADC Regional Director William Straughn ("Straughn") should be held liable because he "is the overseer" and "should have followed up over the warden['s] actions and medical action[s]." *Doc. 13 at 2*.

However, a supervisory defendant may not be held vicariously liable, in a § 1983 action, for any constitutional violations committed by his subordinates. *See Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability"). Instead, to state a viable claim, Williams must plead facts suggesting that Straughn, "through [his] own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Because Williams

has not pled anything suggesting that Straughn was aware of or personally involved with the medical treatment decisions made by the Doe Medical Defendants, he has failed to plead a viable § 1983 claim against Straughn.

Accordingly, the vicarious liability claim Williams has asserted against Straughn should be dismissed, without prejudice.

### 4. Williams's Vague and Conclusory Claims of Discrimination, Retaliation, Failure to Follow Prison Policies, and Failure to Follow the ADC Grievance Procedure

Finally, Williams makes vague and conclusory allegations that: (1) an unnamed Medical Director ("Director Doe") and unnamed Medical Supervisor ("Supervisor Doe") discriminated against him "because of [his] mental disability and race;" (2) Director Doe and Supervisor Doe failed to follow ADC rules and procedures; (3) Grievance Coordinator Shurika Brown ("Brown") failed to follow the ADC grievance procedure; and (4) unspecified Defendants "retaliated" against him for filing grievances. *Doc. 13 at 4-5*.

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief. *Id.* Instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

7

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Williams's vague, conclusory, and threadbare claims against Director Doe, Supervisor Doe, and Brown do not satisfy the *Iqbal* pleading requirements.[3] Nor do his "naked assertions" of discrimination and retaliation. Accordingly, these claims should all be dismissed, without prejudice.

### B. Williams's Pending Motion for a Temporary Restraining Order and a Preliminary Injunction

Because Williams's pleadings fail to state a claim for relief under § 1983, his Motion for a Temporary Restraining Order and a Preliminary Injunction (*Doc. 7*) is moot and should be denied.[4]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Williams's Complaint (*Doc. 1*) and Amended Complaint (*Doc. 13*) be DISMISSED, WITHOUT PREJUDICE, for failure to state a claim.

---

[3] Additionally, it is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("there is no federal constitutional liberty interest in having … prison officials follow prison regulations"). Similarly, Williams does not have a constitutional right to a prison grievance procedure or grievance appeal process. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). Thus, Williams's failure to follow policies and procedures claims would still fail to state a claim under § 1983, even if they had been factually supported.

[4] Similarly, Williams's pending Motion for Appointment of Counsel (*Doc. 9*) should also be denied, as moot.

2. This Dismissal count as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).

3. Williams's pending Motion for a Temporary Restraining Order and a Preliminary Injunction (*Doc. 7*) and Motion for Appointment of Counsel (*Doc. 9*) be DENIED, as moot.

4. The Court CERTIFY that an *in forma pauperis* appeal from the Order adopting this Recommendation would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

DATED this 15th day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE